United States of America,                              Case No. 18-cr-265 (ADM/SER)

           Plaintiff,

v.                                                                    **ORDER**

Syed Ben Al-Amin,

           Defendant.

---

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Robert D. Richman, PO Box 16643, Saint Louis Park MN 55416 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Steven E. Rau, on the parties' non-dispositive pretrial motions. Based upon the record, motions and memoranda, and the arguments of counsel at the hearing and in their respective filings, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Release of Brady Materials (ECF No. 13) is **GRANTED in part** and **DENIED in part**. Th e Government represents it is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and that it has and will continue to comply with those obligations. (ECF. No. 23, at 1). To the extent Defendant seeks disclosure of evidence favorable to Defendant pursuant to *Brady*, *Giglio*, their progeny, and the Federal Rules of Criminal Procedure, the Motion is **GRANTED**. To the extent Defendant seeks disclosure of evidence outside the scope of *Brady*, *Giglio*, their progeny, and the Federal Rules of Criminal Procedure, the Motion is **DENIED**.

2. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF. No. 14) is **DENIED**. "The Jencks Act requires that the prosecutor disclose any

statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination." *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992). "Although the United States need not produce Jencks statements prior to a witness' testimony on direct examination, the United States may agree to early discovery of Jencks material." *Id.* at 741 n.2. Nothing in this Order precludes the Government, from making Jencks Act material available to Defendant prior to trial as it has represented it has and will continue to do. (ECF No. 23, at 1).

3.  Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. 15) is **GRANTED**.

4.  Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. 16) is **GRANTED in part** and **DENIED in part**. To the extent Defendant seeks disclosure of information that is within the scope of Rule 404(b), the motion is **GRANTED**. The motion is **DENIED** in all other respects.

5.  Defendant's Motion for Discovery Required by Federal Rule of Criminal Procedure 16, (ECF No. 17), is **GRANTED** as follows: Defendant seeks discovery pursuant to the Federal Rules. The Government does not object. (ECF No. 23, at 1). Therefore, Defendant's motion is granted; the Government shall comply with its obligations under the Federal Rules of Criminal Procedure.

6.  Defendant's Motion for Discovery Pertaining to DNA Evidence (ECF No. 18), is **GRANTED** as follows: Defendant seeks discovery pursuant to the Federal Rules. The Government does not object. (ECF No. 23, at 2). Therefore, Defendant's motion is granted; the Government shall comply with its obligations under the Federal Rules of Criminal Procedure.

Dated: December 27, 2018

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge
District of Minnesota

*United States v. Al-Amin*
Case No. 18-cr-265 (ADM/SER)