# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-265 (ADM/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Syed Ben Al-Amin, | |
| Defendant. | |

Jeffrey S. Paulsen, United States Attorney's Office, Minneapolis, Minnesota (for Plaintiff); and

Robert D. Richman, RD Richman Law, St. Louis Park, Minnesota (for Defendant).

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Defendant Syed Ben Al-Amin's Motion for Subpoena for Confidential Information. (ECF No. 59). For the reasons stated below, the Court grants the motion.

I. **DISCUSSION**

Defendant moves for an order directing the Minneapolis Police Department to provide disciplinary records for Officers Paul Gillies and Ryan Keyes. Defendant's request for this information resulted in two sheets of paper: one stating there were no complaints to report for Officer Keyes and the other stating there were internal affairs complaints made against Officer Gillies which were closed with no discipline. (ECF No. 59, Ex. 1). There is no information provided on the nature of the complaints or why the complaints were

closed without discipline. Defendant asserts that Federal Rule of Criminal Procedure 17(c) entitles him to this information.

For a subpoena to properly issue under Fed. R. Crim. P. 17(c), it cannot be a general "fishing expedition," *United States v. Nixon*, 418 U.S. 683, 699 (1974), but instead, it must identify with some specificity the information sought, and that information must be relevant and admissible, *see United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013).

The Court finds the information Defendant seeks is relevant, admissible, and requested with adequate specificity. The disciplinary records sought are relevant because they can be expected to have bearing on the credibility of the officers' testimony at trial. For instance, in deciding Defendant's motion to suppress evidence, the Court described Officer Gillies' testimony as "problematic" because his testimony was inconsistent with body camera footage. (Order dated April 23, 2019, ECF No. 58). The records sought are admissible in the cross-examination of these officers, even if the complaints against the officers did not result in any discipline. *See* Fed. R. Evid. 608. The records sought are also requested with adequate specificity because Defendant only seeks disciplinary records, which may shed light on the officers' credibility. The Court therefore grants Defendant's Motion for Subpoena for Confidential information.

**II.   ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Syed Ben Al-Amin's Motion for Subpoena for Confidential Information (ECF No. 59) be **GRANTED**.

2. **On or before May 1, 2019**, the Government shall produce to Defendant the complete disciplinary records for Officer Gillies and Keyes, including but not limited to all complaints, reports, investigative materials, and findings, regardless of whether they resulted in discipline.

Dated: April 25, 2019

*s/ Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge
