UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

  v.

Syed Ben Al-Amin,

        Defendant.

**ORDER**
Criminal No. 18-265 ADM/SER

---

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Robert D. Richman, Esq., RD Richman Law, St. Louis Park, MN, on behalf of Defendant.

---

This matter is before the undersigned United States District Judge for consideration of Magistrate Judge Steven E. Rau's April 25, 2019 Order [Docket No. 60] granting Defendant Syed Ben Al-Amin's Motion for Subpoena for Confidential Information [Docket No. 59]. For the reasons stated below, Judge Rau's Order is stayed.

Defendant Syed Ben Al-Amin's ("Al-Amin") trial is scheduled to commence on Monday, May 6, 2019. In preparation for trial and in response to the Court's April 23, 2019 Memorandum Opinion and Order ("April 23 Order") [Docket No. 58], Al-Amin requested an immediate order or subpoena for underlying disciplinary records of two law enforcement officers involved in this case, Minneapolis Police Officers Paul Gillies ("Officer Gillies") and Ryan Keyes ("Officer Keyes"). Before the Government responded, Magistrate Judge Rau granted Al-Amin's motion. The Government immediately appealed ("Appeal") [Docket No. 61] and the Court requested a response from Al-Amin, which it has now received [Docket No. 70].

The dispute between the parties appears rooted in different interpretations of this Court's

description of Officer Gillies' testimony. At the December 20, 2018 Motions Hearing ("Suppression Hearing"), Officer Gillies testified as to what he remembered of his encounter with Al-Amin. Transcript [Docket No. 38]. In discussing a warrantless probable cause search of Al-Amin's vehicle, the Court stated, "this testimony is problematic." April 23 Order, at 8. When the Court compared the bodycam footage provided with the transcript of the testimony at the Suppression Hearing, the Court noted apparent discrepancies.[1] Considering the bodycam footage, and that the Government bears the burden of establishing that an exception to the warrant requirement applies, the Court found that the Government failed to establish probable cause. Id. at 7, 10 (citing United States v. Hill, 386 F.3d 855, 858 (8th Cir. 20004)). The Government did establish a proper search was conducted pursuant to a search incident to arrest. Id. at 12-13. The Court did not rule that Officer Gillies or Officer Keyes lied, nor did it foreclose the possibility of other explanations for the discrepancies between the bodycam footage and the Officers' testimony.

Prior to the April 23 Order, the Government provided Al-Amin's counsel with summary disciplinary records from the Minneapolis Police Department's Internal Affairs Public Summary [Docket No. 59-1], for the two officers. Officer Keyes, relatively new to the police department, has had no complaints filed against him. Id. Officer Gillies has been a policer officer for 29 years. His record reports four complaints from 2012-2014, and a fifth complaint in 2009. Id.; and, Ex. 5 [Docket No. 61-5]. No disciplinary action was taken with regard to any of the complaints. Al-Amin is now requesting all documents the Minneapolis Police Department has

---

[1] The Court did not have the benefit of video or audio recordings of the witnesses at the Suppression Hearing.

maintained relating to the complaints and the underlying investigations.

At this juncture, the record lacks sufficient information to determine the relevance of the requested evidence. Al-Amin can properly prepare for trial without such production and inspection in advance of trial. Requiring production of a police officer's personnel file, to possibly include prejudicial, unsubstantiated accusations, is inappropriate at this time. In the event the Court becomes convinced at trial that perjury or false statements may have been committed, the next step would be to produce the records to the court for *in camera* review. The Government should have the records available to produce quickly for *in camera* review if it becomes necessary.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Magistrate Judge Steven E. Rau's April 25, 2019 Order [Docket No. 60] is **STAYED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 2, 2019.